# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                    **Petitioner,**

      **v.**

**OPERATING ENGINEERS LOCAL 150
APPRENTICESHIP FUND,**

                    **Respondent.**

**Civil Action**

**File No.**

FILED: MAY 28, 2008
08CV3075    PH
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PETITION TO ENFORCE SUBPOENA DUCES TECUM

Elaine L. Chao, Secretary of Labor, United States Department of Labor, by her attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, alleges:

1.      The Secretary's Petition is brought under the authority of section 601 of the Labor-Management Reporting and Disclosure Act of 1959, as amended, (29 U.S.C. 401 *et seq.* ) hereinafter referred to as the "LMRDA" or "the Act" and pursuant to 28 U.S.C. §§1331 and 1345, to enforce a Department of Labor subpoena duces tecum.

2.      Respondent, International Union of Operating Engineers Local 150 Apprenticeship Fund (the "Fund"), has an office at 19800 S. Arsenal Road, Wilmington, Illinois, within the jurisdiction of this court.

3.      Petitioner, Secretary of Labor, by and through her authorized agents within the Department of Labor, is conducting an investigation concerning the election procedures

of International Union of Operating Engineers Local 150.    More particularly, the investigation focuses on whether the August 25, 2007 election of officers of Local 150, was conducted in accordance with the provisions of Title IV of the Act and whether Local 150 or any person associated with it has violated or is about to violate Title IV of the Act.    In this investigation the Department of Labor seeks to obtain various documents and records pertaining to the subject.    See Declaration of Mary J. Kebisek, submitted herewith as Appendix A.

4.    A subpoena duces tecum was duly issued on  April 4, 2008 and signed by Mary J. Kebisek, District Director, Office of Labor-Management Standards, United States Department of Labor, a duly acting and authorized representative of the petitioner [Attachment 2 to Appendix A].  The subpoena duces tecum directed the respondent to appear before Investigator William Russman, a duly acting and authorized representative of the petitioner, at 230 South Dearborn, Suite 774, Chicago, Illinois, on April 11, 2008 at 10:00.a.m. to produce various records, books, papers, and documents fully described in an attachment to the subpoena.  This subpoena duces tecum was personally served upon respondent by delivery to Stephen J, Rosenblat, Attorney, who accepted service, as certified in the return of service

5.    On April 11, 2008, respondent, by one of its attorneys, responded to the subpoena duces tecum in writing, declining to comply with  the subpoena [Attachment 3 to Appendix A].

6.    The documents specified in the subpoena duces tecum and required therein to be produced, which the Fund refuses to produce, were at the time of the issuance of the

subpoena, and are now, relevant, material, and appropriate to the determination of whether Local 150, or any person associated with it has violated or is about to violate any provisions of the Act, except Title I or amendments made by the Act to other statutes.

7.    The refusal of the Fund to produce the subpoenaed documents as specified and required by the subpoena duces tecum, has impeded and continues to impede petitioner's investigation.

8.    No previous applications have been made for the relief demanded herein.

WHEREFORE, Secretary of Labor respectfully prays:

1.    That this Court enter an order directing the respondent to show cause why the respondent should not comply with and obey the subpoena duces tecum;

2.    That this Court enter an order directing the respondent to obey the subpoena duces tecum by ordering the production of the documents called for by the terms of the subpoena duces tecum before any proper officer of the Department of Labor, at such time and place as hereinafter may be fixed by such officer, and by ordering the respondent to appear for the purpose of providing information regarding said documents; and

3.      That this Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

**PATRICK J. FITZGERALD**
United States Attorney


By:  s/Craig A. Oswald
CRAIG A. OSWALD
Assistant United States Attorney
219 South Dearborn, Fifth Floor
Chicago, IL 60604
(312)-886-9080
Craig.Oswald@usdoj.gov

January 7, 2008


Mary J. Kebisek, District Director
Chicago District Office
U.S. Department of Labor, OLMS
230 S. Dearborn St., Room 774
Chicago, IL 60604

RE:    International Union of Operating Engineers, Local 150
        Union Officer Election Complaint

Dear Ms. Kebisek:

We are filing this complaint with the Department of Labor based on the failure of the union to remedy the various violations of the LMRDA that the union allowed to occur during the election process. The issues and allegations we raised were filed internally with Local 150 and then with the International Union of Operating Engineers and are enclosed here in the attached document titled "Election Protest."

We have exhausted our efforts to seek remedy with the Local Union and with the International. On August 25, 2007, the ballots were counted on the election. On September 21, 2007, Local 150 was served our protest (see attached proof of delivery from the United States Post Office). Local 150 denied our protest. Finally on Nov 14, 2007, the International Union of Operating Engineers received our appeal of Local 150's denial of our protest (attached is our letter and proof of delivery from the United States Post Office). As of today's date neither the Local nor the International has remedied the election violations nor have they instructed that a new election be run.

Therefore we request that the Department of Labor investigate and remedy, if possible, the attached described election violations.

Sincerely,


Joseph P. Ward
Member in Good Standing


Roger F. Allen
Member in Good Standing


James J. Miller
Member in Good Standing


James R. Yasko
Member in Good Standing

JPW/ls

enclosure

                    ATTACHMENT 1

Contact Information:

Joseph P. Ward
708-218-2179
20923 S. River Rd.
Shorewood, IL 60404

James J. Miller
708-218-2179
8360 Mendingwall Dr.
Woodridge, IL 60517

Roger F. Allen
815-985-7298
3915 Rockview Rd.
Rockford, IL 61109

James R. Yasko
815-276-8115
4620 W. Grand Ridge Rd.
Verona, IL 60479

September 17, 2007


Steven M. Cisco, Recording-Corresponding Secretary
International Union of Operating Engineers Local 150
6200 Joliet Road
Countryside, IL 60525

RE:    Filing of Election Protest

Dear Mr. Cisco:

The candidates of Team 150 are protesting the results of the August 25, 2007
election according to the By-Laws of the International Union of Operating
Engineers, Local 150, Article XIV – Petitions and Nominations, Election and
Installation, Section 13. Election Protest and the Constitution of the International
Union of Operating Engineers, Article XXIV. Subdiv. 1. Section (g).

The specific reasons for this protest are set forth in writing and are presented to
you in the enclosed *Election Protest* document.

I am submitting this protest and these supporting documents on behalf of and as
representative of our Team 150 candidates.

Yours truly,

Joseph P. Ward

JPW/lms

enclosure

sent via USPS Registered Mail

## ELECTION PROTEST

The following members of IUOE Local 150 hereby file an Election Protest to the 2007 election of officers pursuant to Article XIV, Section 13. The election results of August 25, 2007 must be set aside, declared null and void, and a new election must be ordered. This action is required on account of the numerous election irregularities and infractions which occurred in violation of federal labor laws governing fair elections, as well as the union's By-Laws and Constitution.

This protest alleges violations and/or violations of the Constitution of the International Union of Operating Engineers; violations and/or election violations of the By-Laws of IUOE Local 150; violations of the LMRDA (Labor-Management Reporting and Disclosure Act); violations of the members Bill of Rights under 29 USC 411; violations of election procedures set forth under 29 USC 481; violations in derogation of fiduciary responsibilities under 29 USC 501; and also violations under the Code of Federal Regulations (CFR) including but not limited to abuses of campaign safeguards. ERISA violations have also been implicated.

None of the citations of alleged violations of union and/or labor laws below are meant to be exclusive of other violations that the complained of conduct may have violated. All citations are for the purpose of including, but not limiting, the election protest to potential legal infractions identified herein.

Violations of IUOE Local 150 By-Laws include Article IX, Sections 5, 6 and 7; Article XI the Duties of Officers; and, Article XIV, the rules governing elections. Violations of the Constitution of the IUOE include Article XVI violations, among others.

**Election Violations:**

1) *Improper Election Campaign Mailing and use of Union Funds:*
   William E. Dugan on July 13, 2007, one month before the ballots were to be mailed, sent a letter on Local 150 letterhead to the entire membership informing them that their identity has probably been compromised by a security breach. He notifies the membership that it was done by Joe Ward and his campaign team and that Local 150 has filed suit in federal court against Team 150 and Joe Ward. This letter was sent out with union funds. (Exhibit A)

   *Violations include: LMRDA Section 401(g). 29 USC 481; also, violation of 29 CFR 452.73 Use of Union Funds.*

2) *Improper Election Use of Benefit Plan Funds:*
   The UEP never answered our mail-outs regarding the pension and health and welfare issues we addressed in this campaign. Instead, MOE sent mail outs paid for by the funds to counter Team 150 claims of malfeasance and

waste in Pension planning and waste and inefficiency of the Pharmacy in Countryside. (Exhibit B)

> *Violations include: LMRDA Section 401(g), 29 USC 481; also, possible ERISA violation – use of benefit funds.*

3.     *Improper Election Use of Union Newsletter and Union Funds:*
Use of the Union newspaper, especially the headline in February, 2007 Union Newspaper -- Local Sues Treasurer Ward! Bill Dugan says" I never imagined that he would have done something like this – profited personally at the expense of Local 150 and its members. "Dugan used this union paper to slander Joe. The editor stopped printing Joe Ward's articles as of the March 2007 issue. We have all the newspapers back to August, 2006. Included here is the November, 2006 edition where he uses the paper to counter our campaign issues on the pension. The International Union's magazine in the Spring 2007 issue promoted Bill Dugan. The International Union also issued a resolution to stop access to our website and to stop the voice of the opposition. The September, 2007 issue has no notices of the identity theft issue which they used in issues prior to the election to campaign against Team 150.

> *Violations include: LMRDA Section 401(g), 29 USC 481; also, violation of 29 CFR 452.75 Union Newspaper*

4.     *Improper Election Conduct In Violation of Members Rights:*
Seven business agents and other staff were fired for political reasons (Their statements Exhibit D).

> *Violations include: LMRDA Section 401(e), 29 USC 481; also, violation of 29 USC 411 Sections (a) (1) & (2) Bill of Rights*

5.     *Improper Election Conduct and Improper Use of Union Funds:*
The fired staff was replaced with 20-25 new staff for the purpose of campaigning which included hand delivering UEP campaign literature to job sites (bags left on machines or by time clocks by business agents Exhibit E).

> *Violations include: LMRDA Section 401(g), 29 USC 481.*

6.     *Improper Election Campaigning and Use of Union Funds:*
Agents and other staff campaigned on work time (claimed they took personal days which new hires would not have any time available)
   a. Told members on job sites to remember who sold you your card.
   b. Told members that their votes would not be confidential or secret therefore intimidating a large portion of the membership not to vote

    c. Agents Campaigning during working hours- Mike Kresge, Dist. 4 agent said, " I'm not supposed to do this but I am going to anyways," in a landfill south of Rockford.

    d. Agents telling municipality members "If Team 150 gets in they will drop you from the Union when your contract expires."

    e. Campaign literature in the agent's office in view while speaking to members. (Picture of Mike Kresge's office enclosed.)

    f. Hiring 20-25 additional staff. Total Business agent's salaries have increased on the monthly expenses from $695,000 in August of 2006 to $820,000 in January of 2007. Raises take place June 1st.

*Violations include: 29 USC 411 Bill of Rights [a thru e], Violations of LMRDA Section 401(e) & (g)*

7.    *Improper Electioneering; Improper Use of Union Funds; Improper Conduct in Violation of Constitution and Article VI By-Laws Regarding Membership:* Business Agents signing up members (selling cards) up to the deadline of June 30, 2007. We believe the number of new members has increased dramatically since August of 2006. The Executive Board has been asking for a report since about last November of all new members from August 1, 2006, we were supposed to have it at our March meeting on the 29th but we were never given the report we requested.

    a) Former rules and standards went out the window in the selling of these new cards <u>including but not limited to Advisory Board and Executive Board approval</u>. Members were reinstated unfairly and in a discriminating manner. One of our supporters, Robert Law, was expelled in February 2007 and was never reinstated although he has the funds to pay his dues. He was required to attend the Advisory Board (which was never before required of members working for the City of Chicago unless they quit their City job and needed to go on our out-of-work list), and pass three proficiency tests while others (Gary Benefield reinstated expelled member, copy enclosed) who just had to pay the agent. Our supporter never received a ballot.

    b) Request all accounting records from August 1, 2006 through September, 2007 to compare to report we received from concerned party.

    c) Manipulating the hiring hall lists for votes by sending new members out to jobs which was highly out of ordinary procedure. (This activity was documented as it occurred in Districts 2 and 5.)

d) Local 150 Business Agent who sold union cards to the Hazelcrest police sergeants on June 27, 2007, told these new members that they will get a ballot. When asked by one of the sergeants who the candidates are he told them that there is only one - Bill Dugan, the other guy will be in jail.

e) Agents solicited permitted members to sell them a Local 150 card, "but first let me tell you about Bill Dugan." This was reportedly done by Albert Dunker, repair shop agent.

f) All permit members inquiring about receiving their new card were told they must schedule appointments with the District 1 office rather than their home district office to get their card.

g) Agents were issued receipt books (each book contains 50 receipts) and were given stacks of tri-fold cards (membership applications) for the purpose of selling cards (see example enclosed). There are 63-65 staff members and if each sold 50 cards for the election that is 3,150 to 3,250 cards sold for votes. There was a higher than ordinary number of transfers into our local from Local 139. Transfers are not usually allowed during our work season, especially when we have members on the out-of-work list. These members were designated to various districts to hide what was going on.

h) No one can be sold a card without completing a Comet Class. Jim Sweeney is in charge of the Comet Class records and has access to change or falsify them.

i) There are reports that cards were sold after the June 30 deadline for a vote. We suspect that any current member who wanted to get a son, daughter, relative or neighbor in the local had the opportunity to do so in exchange for support and a vote for Bill Dugan. We suggest all accounting records from July 1, 2007 through the next two quarters be examined to see how many new members were sold cards but whose membership papers they will now take their time to process.

*Numerous violations include: 29 USC 411 Bill of Rights; LMRDA 29 USC 481 Election Procedures; 29 USC 501 Fiduciary Responsibility of Officers of Labor Organizations and Violations of IUOE Local 150 By-Laws Article VI, Sections 1 thru 3.*

8.  *Improper Election Conduct, Use of Funds and Use of Joint Contribution Funds:*
    Training Site staff was fired for supporting Team 150 and replacements were hired for the purpose of campaigning. Statements from Training site staff enclosed, also eyewitness account of the use of Apprenticeship resources for the purpose of campaigning – copy machines, phones, apprenticeship classes, access to the training site, etc. The Training Site completion was accelerated so that the Grand Opening will coincide with the election. The original completion schedule was for the fall of '07. This was done at much expense to the membership because of overtime costs, etc.

    *Violations include: 29 USC 411 Bill of Rights [a thru e]; LMRDA Section 401(e) & (g)*

9.  *Improper Electioneering, Improper Use of Union Funds, Improper Conduct in Violation of Constitution and Article VI By-Laws Regarding Membership:*
    Hispanic vote – union cards sold to illegal's who should not have received ballots.

    *Numerous violations include: 29 USC 411 Bill of Rights; LMRDA 29 USC 481 Election Procedures; 29 USC 501 Fiduciary Responsibility of Officers of Labor Organizations.*

10. *Improper Election Procedure:*
    The length of time for a ballot to be returned is inadequate because of the poor delivery record of the postal service in the Chicago area

    *Violations include: 29 CFR 452.67 Distribution of Campaign Literature*

11. *Improper Election Campaign Conduct:*
    At the January 2007 General Membership meeting members supporting the UEP were let in the side doors so that they could sit in front and by the microphone. At that meeting and at other union meetings UEP Campaign literature was on the seat of every chair in the union hall.

    *Numerous violations include 29 USC 411 Bill of Rights*

12. *Improper Election Campaign Conduct in violation of the Members Rights, Compromised Secrecy of the Ballots and the Integrity of the Election Process:*
    Stewards in the municipality sector where instructed to collect ballots. From July 2006 through the present the business agents in this sector constantly campaigned for Bill Dugan by intimidating these members that if Joe Ward is elected their sector will be thrown out of Local 150.

> *Violations include: 29 USC 411 Bill of Rights; also, LMRDA 29 USC 481,
> Sections (e) & (g)*

13. *Improper Election Campaign Conduct in violation of the Members Rights,
    Compromised Secrecy of the Ballots and the Integrity of the Election Process:*
    Landscape stewards/owners/agents collected ballots from landscapers.

    > *Violations include: 29 USC 411 Bill of Rights; LMRDA 29 USC 481,
    > Sections (e) & (g); also, possible violation of 29 USC 504, Section 302 (b)
    > (1)*

14. *Illegal and/or Improper Election Conduct:*
    The UEP took contributions or received things of value from non-union
    companies including Bond Brothers.

    > *Violations include: 29 USC 504, Section 302.*

15. *Improper Election Conduct and use of Union/Joint Contribution Funds:*
    MOE pharmacy staff was called into a meeting headed by Jim Sweeney and
    Steve Cisco and was instructed to "campaign" for Bill Dugan by singing his
    praises and bad-mouthing Joe Ward.

    > *Violations include: 29 USC 481, Section 401(g)*

16. *Improper Election Conduct, Use of Union Funds and/or Use of Joint
    Contribution Funds:*
    Apprenticeship classes were used to campaign for Bill Dugan.
    a.  During these classes they were told how wonderful Bill Dugan was
        and talked about how awful the opposition was.
    b.  Paddock gave them shirts in UEP colors and told them they were to
        wear them to the General Membership meeting.
    c.  Apprentices were given double credit for attending the General
        Membership meeting in July, 2007, and wearing their green shirts.
    d.  Proficiency requirements were changed to facilitate the apprentices
        passing their proficiency tests.
    e.  Newly indentured apprentices were immediately required to pay
        dues while serving a probation period so that they could vote.
        Request for revision by DOL of Apprenticeship Standards for this
        policy change. Prior to this election year apprentices would not
        become a dues paying member until completion to the probation
        period.  Money was collected for dues without an approved revision
        of the Apprenticeship Standards.  They were sold union cards so
        that they would get a ballot which contradicted set procedure.
    f.  The Apprenticeship Coordinator, Bob Paddock, took groups of
        apprentices out for pizza and beer at Cemeno's or Sports bars in

the Joliet area, one every two weeks since January, 2007. The charges for each party were between $700.00 and $1,000.00 on a credit card for each party. Bob Paddock claims these parties were a class on unionism; we charge that they were nothing more than Bill Dugan rallies. Who paid for these rallies?

g. A ballot signing party was held by Bob Paddock and the Apprenticeship staff.

*Violations include: LMRDA 29 USC 481, Sections (e) & (g); 29 USC 411 Bill of Rights; and possibly ERISA.*

17.   *Improper Election Conduct:*
Campaigning at Comet classes by having only UEP candidates speak to the class about Bill Dugan and the negative things about Joe Ward and then handing out UEP campaign literature in the parking lot. All new members must attend a Comet Class before their membership papers can be processed. Jim Sweeney had total control of the list of who completed the class and was ready to go. This included name, address, phone numbers and employer. It would have been easy to make contact with these individuals and sell them a card.

*Violations include: LMRDA 29 USC 481, Sections (e) & (g).*

18.   *Improper Election Campaign Conduct in violation of Members Rights, Compromised Secrecy of the Ballots and the Integrity of the Election Process, plus Illegal and Improper Electioneering:*
Ballot signing parties -- we have pictures of Jim McNally, Assistant to Bill Dugan in attendance and witnesses saw Business Agent Kevin Burke actually filling out other members ballots and then placing them in the ballot boxes.

*Violations include: 29 USC 411 Bill of Rights; also numerous LMRDA violations*

19.   *Improper Election Conduct and Use of Union Funds:*
The UEP used the copy machines at all the union offices and at the training site offices to run off UEP handouts. This was witnessed at the training site where staff was also seen carrying out UEP banners and signs. We request a report of the amount of copies run off during the period of August 2005 through July 2006 so that it can be compared to the amount of copies run off from August 2006 through August 2007 to show that these union resources were used for campaign purposes.

*Violations include: LMRDA 29 USC 481, Section 401 (g); 29 CFR 452.73*

20.    *Improper Election Conduct and Use of Union Funds:*
UEP candidates used Union funds to file frivolous lawsuits against Joe Ward
and Team 150 for the purpose of using them for their campaign literature.

*Violations include: LMRDA 29 USC 481, Section 401 (g); 29 CFR 452.73*

21.    *Improper Election Conduct and Use of Union Funds:*
Used the Teamster hall to phone bank.

*Violations include: LMRDA 29 USC 481, Section 401 (g); 29 CFR 452.73*

22.    *Improper Use of Union and/or Joint Contribution Funds::*
Used the membership money to showcase the New Training Site giving Bill
Dugan sole credit for it. Frivolous expenditures were made regarding the
Training Site Grand Opening event. It was used as a campaign rally for the
UEP. Shirts in the UEP's colors were given to all staff and apprentices who
were told that it was mandatory to wear the green shirts and to work the
event. Water bottles with Bill Dugan's name on them were handed out at the
Grand Opening. Jansco Promotional Products said that they supplied 5,000
bottles at a cost to the union of $1.18 per bottle which was $5,900.00 so that
Bill Dugan can have his name promoted. Plain old water bottles without
Dugan's name on them would have cost about $1,100.00 for 5,000.

*Violations include: LMRDA 29 USC 481, Section 401 (g); 29 USC 501
Breach of Fiduciary Duty; and possibly ERISA.*

23.    *Improper Use of Union and/or Joint Contribution Funds:*
Use of apprentice funds? Or union funds? To paint the crane at the Training
Site UEP colors – black and green.

*Violations include LMRDA 29 USC 481, Section 401 (g); also, 29 USC
501 Breach of Fiduciary Duty.*

24.    *Improper Election Campaign Mailing and Use of Union Funds:*
The IUOE newsletter promoted Bill Dugan and the Training Site by including
a special color magazine for the July 2007 issue.

*Violations include LMRDA 29 USC 481, Section 401 (g); also, 29 CFR
452.75*

25.    *Improper Election Conduct and Use of Union Funds:*
Used Local 150 money to color the Dues Buttons in the UEP campaign
colors.
*Violations include LMRDA 29 USC 481, Section 401 (g)*

26. *Improper Election Conduct and Use of Union Funds, Violations of Members Rights:*
Used dues money to try to shut down the members' opposition website by requiring login which their site violated for 5 days right before the election.

*Violations include: 29 USC 411, Bill of Rights*

27. *Improper Election Conduct and Election Mailing Procedures:*
Team 150 was forced to use the mail house the union used. At first we were told we could use any mail house as long as they would sign a confidentiality agreement with Local 150. Then as we were walking to our cars they ran out and said we could only use Dahlgren or Bond Brothers. This is a conflict because our most important mailing -- our sample ballot has still not reached some of our membership.

*Violations include 29 CFR 452.67 Distribution of Campaign Literature; also, LMRDA 29 USC 481, Section 401(e); and 29 USC 411, Bill of Rights*

28. *Improper Election Conduct:*
Election Commissioner Bob Gillengarten campaigning for Dugan on UEP website video clip.

*Violations include: LMRDA 29 USC 481, Section 401(e); and 29 USC 411, Bill of Rights*

29. *Improper Use of Union Funds and/or Union Facilities:*
What is the address of the UEP Campaign office? Joe Ward's secretary's position was eliminated by Bill Dugan. Dugan told her that he could not allow any politicking in the union office. Later he took Joe Ward's office away from him. If the union offices were used by the UEP as their campaign office then they also used the union resources -- copy machines, phones, faxes, utilities and staff members for their campaign. Where was the UEP's campaign office, none is listed on their website or any of their literature. Who is their "secretary" or office help?

*Violations include: 29 CFR 452.82 Reprisal for Exercising Right; also, violation of LMRDA 29 USC 481, Sections 401 (e) & (g)*

30. *Improper Use of Union Funds and/or Union Facilities:*
Agents constantly campaigned during work hours. Enclosed are a sampling of reports received from members. Agents drove to UEP rallies in union vehicles, we have pictures. Bill Dugan drove the Local 150 van to the District 4 hall for his Rockford rally. Photo available.

*Violations include: LMRDA 29 USC 481, Section 401 (e), also, 29 CFR 452.76 Campaigning by Union Officers.*

*WHEREFORE, FOR ALL THE REASONS SET FORTH ABOVE, TAKEN BOTH INDIVIDUALLY AND IN CONJUNCTION WITH EACH OTHER, THE ELECTION RESULTS OF AUGUST 25, 2007 MUST BE SET ASIDE AND A NEW ELECTION ORDERED. IT IS ALSO PETITIONED HEREIN THAT REMEDIAL ACTION IS REQUIRED IN ORDER TO UNDO THE PREJUDICIAL EFFECTS CREATED BY THE ABOVE DESCRIBED CONDUCT AND TO GUARANTEE A FAIR ELECTION PROCESS.*

Signed this 17th day of September, 2007

By:

Joseph P. Ward

On behalf of and as representative of these Team 150 Candidates:

Joseph P. Ward – Candidate for President-Business Manager
James J. Miller – Candidate for Vice President
Roger F. Allen – Candidate for Recording-Corresponding Secretary
C. Wayne Snider – Candidate for Financial Secretary
Frank A. Studer – Candidate for Treasurer
Craig Jorsch – Candidate for Executive Board District 1
Donald Matteson – Candidate for Executive Board District 2
Raymond Stevens – Candidate for Executive Board District 3
Bradley Milliken – Candidate for Executive Board District 4
Lance Yednock – Candidate for Executive Board District 5
Tim Loftus – Candidate for Executive Board District 6
Greg Allen – Candidate for Executive Board District 7
Roger Hoffman – Candidate for Executive Board District 8
Jerry Jorsch – Candidate for Auditor
Jason Ness – Candidate for Auditor
Michael Quale – Candidate for Trustee
Thomas Dalton Jr. – Candidate for Trustee
Stephen Mullen – Candidate for Trustee
George Pilate – Candidate for Conductor
Randall Rexford – Candidate for Guard


**UNITED STATES POSTAL SERVICE®**

Track & Confirm     FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: RR85 4269 530U S
Detailed Results:

- Delivered, September 21, 2007, 6:52 am, LA GRANGE, IL 60525
- Arrival at Pick-Up-Point, September 18, 2007, 7:36 am, LA GRANGE, IL 60525
- Arrival at Unit, September 18, 2007, 7:36 am, LA GRANGE, IL 60525
- Acceptance, September 17, 2007, 3:30 pm, JOLIET, IL 60436

*Back*                    *Return to USPS.com Home*

### Track & Confirm

Enter Label/Receipt Number.



### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    *Go*

---

POSTAL INSPECTORS      site map   contact us   government services   jobs   **National & Premier Accounts**
Preserving the Trust      Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

| Registered No. | | Date Stamp |
|---|---|---|
| RR854269530US | | |

| | | | | |
|---|---|---|---|---|
| Reg. Fee | $9.50 | | | |
| Handling Charge | $0.00 | Return Receipt | $2.15 | |
| Postage | $7.75 | Restricted Delivery | $0.00 | |
| Received by | | | | |

To Be Completed By Post Office

Customer Must Declare Full Value  $50.00

☐ With Postal Insurance
☒ Without Postal Insurance

*Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse).*

## OFFICIAL USE

**FROM**  60436
JOSEPH P. WARD & TEAM 150
20923 S. RIVER RD
SHOREWOOD, IL 60404

**TO**  LA GRANGE, IL 60525  Frisco. Rep - Cor. Secrty
IUOE LOCAL 150
6200 JOLIET ROAD
COUNTRYSIDE, IL 60525

To Be Completed By Customer (Please Print) All Entries Must Be In Ballpoint or Typed

Form 3806, **Receipt for Registered Mail**   Copy 1 - Customer
June 2004 (7530-02-000-9051)   (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

# United States of America

## DEPARTMENT OF LABOR
## OFFICE OF LABOR-MANAGEMENT STANDARDS

### SUBPOENA DUCES TECUM

**TO** Operating Engineers Local 150 Apprenticeship Fund

19800 S. Arsenal Road, Wilmington, IL 60481

*At the instance of the* District Director

**U.S. DEPARTMENT OF LABOR,** *you are hereby required to appear before* William Russman, Investigator

*of the* **OFFICE OF LABOR-MANAGEMENT STANDARDS, U.S. DEPARTMENT OF LABOR,** *at*

230 South Dearborn Street, Suite 774

*in the City of* Chicago, IL

*on the* 11th *day of* April *, 20* 08 *, at* 10:00 *o'clock* a. m.

*of that day, in the Matter of* an investigation by said office involving a complaint filed with the

U. S. Department of Labor regarding the International Union of Operating Engineers Local 150

officer elections held on August 25, 2007.

*And you are hereby required to bring with you and produce at said time and place the following books, papers, and documents:*

See attachment.

## FAIL NOT AT YOUR PERIL.

IN TESTIMONY WHEREOF, *the seal of the* U.S. DEPARTMENT

OF LABOR *is affixed hereto, and the undersigned, the* District

Director, Office of Labor-Management Standards

_____ *of said* U.S. DEPARTMENT OF LABOR,

*has hereunto set his hand at* Chicago, IL

*this* 4rd *day of* April *, 20* 08

ATTACHMENT 2

OLMS-13 (9/88)
GPO 937-870

## RETURN OF SERVICE

*I hereby certify that a duplicate original of the within subpoena was*

**duly served**
Indicate by check method used:

☒ in person.

☐ by leaving at principal office or place of business, to wit:

Stephen J. Rosenblat Attorney
Baum, Sigman, Auerbach, & Newman, Ltd.
200 W. Adams St. Suite 2200

Chicago, IL 60606-5231

on the person named herein on:

April 4 2000
(Month, day, year)

William E. Rossman
(Name of person making service)

Investigator
(Official title)

**Check applicable boxes:**

☐ in attendance as a witness at: _____

I certify that the person named herein was

☐ provided the records named herein

on: _____
(Month, day or days, and year)

_____
(Name of person certifying)

_____
(Official title)

CASE NUMBER  310-22982(01)

Attachment to Subpoena for
Operating Engineers Local 150 Apprenticeship Fund

## Definitions and Instructions

The term "document" or "documents" shall mean all writings or electronic data within the meaning of Rule 1001(1) of the Federal Rules of Evidence (i.e., "letter, words, or numbers, or photostatting, photography, magnetic impulse or other form of data compilation") however produced or reproduced, of every kind or description within the possession, custody, or control, or within the custody or control of the Apprenticeship Fund, its officers, agents, employee representatives, or other persons acting or purporting to act for or on behalf of the Apprenticeship Fund, including, but not limited to notes; memoranda; records, reports, correspondence; telefaxes, and faxes; agreements, contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; directives in any form from general studies; summaries and/or conferences; tabulations; and all draft copies of such documents containing additional marks notations not found on the originals.

If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect to each such document;
  a) the specific privilege being asserted;
  b) the nature of the document;
  c) the author of the document, and the date of preparation;
  d) the recipient of the document and all individuals who received copies of it, and
  e) the subject matter of the document.

## Documents

1) Documents identifying all journeyworkers, registered apprentices, and pre-apprentices who attended classes at the Operating Engineers Local 150 Apprenticeship Fund ("Apprenticeship Fund") training facilities during the period January 1, 2007 through June 30, 2007. The documents should include the individual's mailing address, telephone number, and local district number along with the name of the class attended and date it was held.

2) Documents identifying all apprentices who initiated dues payments to Local 150 during the period January 1, 2007 through June 30, 2007 in accordance with all apprenticeship standards under which the Apprenticeship Fund was operating. The documents should include the apprentice's name and mailing address along with the number of work hours completed by the apprentice at the time that dues payments were initiated.

**BAUM SIGMAN AUERBACH & NEUMAN, LTD.**
Attorneys and Counsellors

200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
312.236.4316
Fax 312.236.0241

**Stephen J. Rosenblat**

April 11, 2008

E-mail Address:
srosenblat@baumsigman.com

Mr. William Russman, Investigator
Department of Labor
Office of Labor-Management Standards
230 S. Dearborn St., Suite 774
Chicago, IL 60604

Re:   *Subpoena Duces Tecum* issued to Operating Engineers
Local 150 Apprenticeship Fund - Election Protest
Our File No. 20495

Dear Mr. Russman:

This letter responds to the April 4, 2008 subpoena that you served on me as counsel for the Apprenticeship Fund.

In response to request number 1 of the subpoena rider, I have enclosed a document that indicates the dates, description, classroom, and the number of apprentices and/or journeyworkers who attended the class at the Fund's training facility in Plainfield between January 1, 2007 and June 30, 2007. This document is identified as numbers 273 through 277.

With respect to the DOL's request for documents containing the personally identifiable information of individuals who attended classes at the Fund's Plainfield training facility between January 1, 2007 and June 30, 2007, as you know, those documents may be reviewed at my office. As you have acknowledged, the Office of Labor-Management Standards cannot ensure the confidentiality of the documents produced to your office as they are subject to the Freedom of Information Act. The Fund has an overriding interest in maintaining the confidentiality of the apprentices and journeyworkers who participate in the Apprenticeship and Skill Improvement Program. These individuals provided their personal information to the Fund with a reasonable expectation of privacy and we intend to protect that information. In addition, the Apprenticeship Program relies upon the associational privilege to maintain the privacy of its participants.

Regarding request number 2, the Apprenticeship Program does not maintain dues records.

ATTACHMENT 3

# BAUM SIGMAN AUERBACH & NEUMAN, LTD.
### Attorneys and Counsellors



Mr. William Russman
April 11, 2008
Page 2


Finally, although not subject to the subpoena, enclosed is a copy of the minutes of the May 8, 2007 Board of Trustees' meeting that you requested. That document is numbered 255 through 272. You previously received the February 13, 2007 Board of Trustees' meeting minutes numbered 201 through 254.

Please feel free to contact me should you require our further assistance in completing your investigation.

Very truly yours,

BAUM SIGMAN AUERBACH & NEUMAN, LTD.

Stephen J. Rosenblat

SJR/klp
Enclosures
I:\MOEA\Election Protest - Info. Req\russman 04-11-08.sjr.bpa.kp.wpd