UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor<br>United States Department of Labor,<br><br>      Petitioner,<br><br>      v.<br><br>OPERATING ENGINEERS LOCAL 150<br>APPRENTICESHIP FUND, INTERNATIONAL<br>UNION OF OPERATING ENGINEERS<br>LOCAL 150,<br><br>      Respondents. | No.    08 C 3075<br><br>Judge Cox |

**BRIEF IN SUPPORT OF THE PETITION TO ENFORCE
A DEPARTMENT OF LABOR SUBPOENA DUCES TECUM**

This brief is submitted in support of petitioner's application for an order directing respondents to comply with a Department of Labor *subpoena duces tecum* duly issued pursuant to Section 401 (29 U.S.C. §481§§) and Section 601(b) (29 U.S.C. §521(b)§§) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA" or "the Act"), 29 U.S.C. §521(b)§, and served upon respondent. Copies of the subpoenas and the returns of service are annexed as exhibits to the Petition.[1]

---

[1] Proceedings to enforce administrative subpoenas are commenced by the filing of the petition and the issuance of a show cause order to the named respondent by the District Court and, pursuant to Rule 81(a)(3) of the Federal Rules of Civil Procedure, are usually summary in nature. *See, e.g.*, Donaldson v. United States, 400 U.S. 517, 528-529 (1971)Federal Trade Commission v. Browning, 435 F. 2d 96, 104 (D.C. Cir. 1970)United States v. Davey, 543 F.2d 996, 999 (2nd Cir. 1976).

## I. Statement of the Case

**A.　Statement of Facts**

The Secretary of Labor, by and through her authorized agents, is conducting an investigation concerning the election procedures of International Union of Operating Engineers Local 150 ("Local 150" or "the Union"). More particularly, the investigation focuses on whether the August 25, 2007 election of officers of Local 150, was conducted in accordance with the provisions of Title IV of the Act and whether Local 150, or any person associated with it has violated or is about to violate Title IV of the Act. In the course of the investigation, the Department of Labor sought certain records pertaining to the election. The scope of that investigation is set forth more fully on the subject subpoena a copy of which is Attachment 1 to the Declaration of Mary J. Kebisek, attached to the Secretary's petition as Appendix A.

On March 14, 2008 the subpoena was duly served upon Local 150, and on April 4, 2008, a separate subpoena was served on the apprenticeship fund of the same local. In both cases the documents specified in the subpoena were now relevant, material, and appropriate to the determination of whether Local 150 or any person associated with it has violated or is about to violate any provisions of the Act, except Title I or amendments made by the Act to other statutes. Moreover, production of the documents is essential to completion of an investigation into the allegations contained in complaints regarding the conduct Local 150's August 27, 2007, election of officers.

The failure of respondents to produce the documents as specified and required by the subpoenas, has impeded and continues to impede the Secretary's investigation.

B. **Statutory Background**

Congress enacted the Labor-Management Reporting and Disclosure Act of 1959 in order to eliminate or prevent improper practices on the part of labor organizations, employers, labor relations consultants, and their officers and representatives which distort and defeat the policies of the Labor-Management Relations Act, 1947, as amended, and the Railway Labor Act, as amended, and which have the tendency or necessary effect of burdening and obstructing commerce . . . 29 U.S.C. §401(c)§§.

Section 601(a) of the LMRDA, 29 U.S.C. §521(a)§§, confers upon the Secretary of Labor broad power to conduct administrative investigations to ascertain possible violations of the Act. This section provides, in relevant part:

> The Secretary shall have power when he believes it necessary in order to determine whether any person has violated or is about to violate any provision of this chapter . . . to make an investigation and in connection therewith he may enter such places and inspect such records and accounts and questions such persons as he may deem necessary to enable him to determine the facts relative thereto.

Section 601(b) further provides that in order to carry out his investigatory functions, the Secretary shall have the full range of investigatory and enforcement powers possessed by the Federal Trade Commission, including the power to administratively subpoena witnesses, books, records and other documents. 29 U.S.C. §521(b)§. This subpoena power is enforceable in the federal courts. 15 U.S.C. §49§§. Section 601, incorporating 15 U.S.C. §49§, thus establishes the jurisdictional basis for summary enforcement of the Secretary's subpoenas in this proceeding.

## II. ARGUMENT

The Secretary of Labor's power to investigate possible violations of the LMRDA pursuant to §601(a) of the Act has been repeatedly affirmed by the courts in subpoena enforcement actions

in aid of LMRDA investigations. *Chao v. Local 743, International Brotherhood of Teamsters*, 467 F.3d 1014 (7th Cir. 2006); *Marshall v. Stevens People and Friends for Freedom, et al.*, 669 F.2d 171 (4th Cir., 1981), cert. denied, 455 U.S. 940, cert. dismissed, 455 U.S. 934 (1982) *International Brotherhood of Teamsters v. Wirtz*, 346 F.2d 827 (D.C. Cir., 1965); *Local 57, International Union of Operating Engineers v. Wirtz*, 326 F.2d 467 (lst Cir., 1964); *Wirtz v. Local 191, International Brotherhood of Teamsters*, 321 F.2d 445 (2d Cir., 1963).

The courts have recognized that "[t]he powers of the Secretary under the Labor-Management Reporting and Disclosure Act are broad, and, as with visitorial powers in other contexts, they are to be construed in such a way as to give effect to the purposes of the Act." *International Brotherhood of Teamsters v. Wirtz, supra*, 346 F.2d at 830. The courts have also recognized that the Secretary's investigative authority under §601(a) broadly extends to any possible violation of the Act, with the exception of possible violations of Title I. *Chao v. Local 743, International Brotherhood of Teamsters*, 467 F.3d at 1017. In general, an administrative agency's subpoena meets the requirements for enforcement if (1) the inquiry is within the authority of the agency, (2) the demand is not too indefinite, and (3) the information sought is reasonably relevant to the investigation. *Id.* citing *United States v. Morton Salt Co.*, 338 U.S. 632, 653 (1950); *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995).

The instant subpoenas sought, *inter alia*, information regarding the identities of members of the union. Such information is especially necessary in the investigation of an election under the LMRDA. The propriety of requiring the production of membership information in such investigations has been recognized by the courts. *See, e.g., Friends Social Club v. Secretary of*

4

*Labor*, 763 F.Supp. 1386 (E.D. Mich., 1991). *See also, Dole v. Local Union 375 Plumbers Intern. Union*, 921 F.2d 969 (9th Cir.1990).

The Secretary is authorized to proceed whenever he believes that "any provision" of the Act has been or is about to be violated. The exceptions to this power are expressly listed: "except Title I or amendments made by this Act to other statutes." *See, Wirtz v. Local 191, International Brotherhood of Teamsters, supra*, 321 F.2d at 448.

The Secretary need make no showing of probable cause before the institution of an LMRDA investigation or before the issuance or enforcement of administrative subpoenas in aid of such an investigation. *Marshall v. Stevens People and Friends For Freedom, supra*, 669 F.2d at 176; *International Brotherhood of Teamsters v. Wirtz, supra*, 346 F.2d at 831; *Local 57, International Union of Operating Engineers v. Wirtz, supra*, 326 F.2d at 470; *Goldberg v. Truck Drivers Local Union No. 299, supra*, 293 F.2d at 812-815; *Goldberg v. Sewell Manufacturing, supra*, 210 F.Supp. at 294-95. *See also United States v. Budzanoski*, 462 F.2d 443. 451 (3d Cir.), *cert. denied*, 409 U.S. 949 (1972). As the Sixth Circuit Court of Appeals stated in *Goldberg v. Truck Drivers Local Union No. 299, supra*, 293 F.2d at 812:

> Requiring the Secretary to first establish a probable violation of the Act, as a condition precedent to making an investigation, effectively stripped him of his power to investigate and prevented him from determining whether the Act was being violated or about to be violated. It virtually rendered the enforcement provisions of the Act nugatory.

In *Marshall v. Stevens People and Friends For Freedom, supra*, 669 F.2d at 176, the court held that Congress granted the Secretary broad powers of investigation in order to facilitate enforcement of the Act without resort to unnecessary litigation. Consequently, the Secretary may initiate an investigation without probable cause to believe that the Act has been violated. As the

Supreme Court has stated, the Secretary's administrative powers of investigation are analogous to those of a grand jury, which, unlike a court, "does not depend upon a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Chao v. Local 743, International Brotherhood of Teamsters,* 467 F.3d at 1017, *citing United States v. Morton Salt Co.*, 338 U.S. 632, 642-643 (1950), quoted at 669 F.2d at 176.

Rather than requiring a showing of probable cause, the Supreme Court has instead concluded that administrative subpoenas will be enforced "if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Company, supra*, 338 U.S. at 652. This standard was reaffirmed by the Supreme Court in *Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 104 S.Ct. 769 (1984); *United States v. Powell*, 379 U.S. 48 (1964). See *also, Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 214-18 (1946); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501 (1943).

The Department of Labor subpoenas in this case satisfy all three of the elements set forth in Morton Salt. The investigation is being conducted by petitioner regarding the August, 2007 election of officers of Local 150 to determine whether, in connection with that election, the local or any person associated with it has violated or is about to violate any provision of the Act, except Title I or amendments made by the Act to other statutes. *See* Affidavit of Mary J. Kebisek (annexed as Appendix A to the petition). This is an area of inquiry squarely within the authority of the Department of Labor pursuant to §601 of the Act, 29 U.S.C. §521§§. In addition, the subpoenas are sufficiently specific and limited in its scope.

Because all the elements set forth in *Morton Salt* have been satisfied, the petitioner respectfully requests that an order be entered compelling respondent to comply with the subpoena forthwith.

## CONCLUSION

For the foregoing reasons, petitioner requests that the subject subpoenas be enforced.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Craig A. Oswald
    CRAIG A. OSWALD
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 886-9080
    craig.oswald@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**BRIEF IN SUPPORT OF THE PETITION TO ENFORCE
A DEPARTMENT OF LABOR SUBPOENA DUCES TECUM**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on June 18, 2008, to the following non-ECF filers:

International Union of Operating Engineers
Local 150
6140 Joliet Road
Countryside, IL 60525
708-579-6663

Dale D. Pierson
General Counsel
International Union of Operating Engineers
Local 150
6140 Joliet Road
Countryside, IL 60525

Stephen J. Rosenblat
200 West Adams Street, Suite 2200
Chicago, IL 60606
312-236-4316

William Cook, Esq.
Wildman Harrold Allen & Dixon
225 W. Wacker Drive, Suite 3000
Chicago, Illinois 60606

s\Craig A. Oswald
CRAIG A. OSWALD
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9080
Craig.Oswald@usdoj.gov