UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 08 C 3075 |
| | ) | |
| v. | ) | JUDGE GETTLEMAN |
| | ) | |
| OPERATING ENGINEERS LOCAL 150 | ) | MAGISTRATE JUDGE COX |
| APPRENTICESHIP FUND, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONSE TO PETITIONER'S MOTION TO ENFORCE SUBPOENA
BY RESPONDENT OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND**

Respondent, Operating Engineers Local 150 Apprenticeship Fund ("Apprenticeship Fund" or "Respondent"), by and through its attorneys, hereby file this Response to the Motion to Enforce Subpoenas filed by Petitioner, Elaine L. Chao ("Department"). In support of its position, the Apprenticeship Fund states as follows:

The Apprenticeship Fund recognizes the Department's authority to subpoena documents from it, pursuant to 29 U.S.C. §521(a), and 15 U.S.C. §49. Accordingly, the Apprenticeship Fund has cooperated with the Department's investigation by producing copies of numerous documents, and otherwise making all documents requested by the Department to date, whether by subpoena or informal request, available for inspection (Petition to Enforce, Attachment 3).

The Department subpoenaed:

(1) Documents identifying all journeyworkers, registered apprentices, and pre-apprentices who attended classes at the Operating Engineers Local 150 Apprentice-ship Fund ("Apprenticeship Fund") training facilities during the period January 1, 2007 through June 30, 2007. The documents should include the individual's mailing address, telephone number, and local district number along with the name of the class attended and date it was held.

and

> (2) Documents identifying all apprentices who initiated dues payments to Local 150 during the period January 1, 2007 through June 30, 2007 in accordance with all apprenticeship standards under which the Apprenticeship Fund was operating. The documents should include the apprentice's name and mailing address along with the number of work hours completed by the apprentice at the time that dues payments were initiated. (Petition to Enforce, Attachment 2)

Regarding the second item subpoenaed, the Apprenticeship Fund does not maintain dues records (Petition to Enforce, Attachment 3). To the extent the Department is seeking something other than dues records in the second item subpoenaed, the Apprenticeship Fund is unable to determine the nature and extent of the request. Therefore, this memorandum will focus on the first item subpoenaed.

**A.    Individuals have a privacy interest in controlling access to their personal information.**

"The basic purpose of [the Freedom of Information Act ("FOIA")] is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242, 57 L. Ed. 2d 159, 98 S. Ct. 2311 (1978). FOIA was not enacted to publicize information on private individuals, particularly when the individuals are merely third-parties to a governmental investigation. "Under FOIA, the public interest is not furthered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." People for the American Way Foundation v. Nat'l Park Serv., 503 F Supp 2d 284, 304 (D. Colo. 2007) (Internal quotations and citations omitted). Contact information of actual or potential witnesses is simply not information relevant to the public's right to ensure that the Department is sufficiently investigating alleged statutory violations.

The individuals receiving training from the Apprenticeship Fund have not consented to disclosure of personal information to parties unrelated to the Apprenticeship Fund and have a reasonable expectation that the information they provide the Apprenticeship Fund will be kept confidential and used solely for purposes of providing training and administering the Fund. Courts have held that contact information is protected from disclosure under FOIA. Minnis v United States Dep't of Agriculture, 737 F2d 784, 786-88 (9th Cir. 1984) (disclosure of names and addresses of permit holders would constitute unwarranted invasion of privacy); People for Am. Way, 503 F Supp 2d at 304 ("Federal courts have previously recognized a privacy interest in a person's name and address."). As the court in People for the American Way held: "[t]he privacy interest in nondisclosure encompasses an individual's control of personal information and is not limited to that of an embarrassing or intimate nature." 503 F Supp 2d at 304. Nothing in a list of apprentices with their addresses, phone numbers and training history would provide members of the public with insight into the proper function of the Department; therefore the privacy interest of individuals in controlling access to their information supercedes the public's interest in obtaining such information.

**B.    The Apprenticeship Fund has a business interest in controlling access to information regarding its programs and trainees.**

The Apprenticeship Fund is in the business of training operating engineers for the benefit of the individuals receiving training and the employers who fund the program (Turek Aff., ¶ 3). The Apprenticeship Fund gathers information on apprentices and journeyworkers who receive training from the individuals (i.e., contact information), and in-house (i.e., the courses taken)(Turek Aff., ¶ 4). This information assists with placement of apprentices with contributing employers, and provides a means of tracking the progress of the individuals accessing the Apprenticeship Fund's training (Turek Aff., ¶ 4).

Documents identifying individuals accessing the Apprenticeship Fund's services, and their courses of study are akin to customer lists, which are protected trade secrets under Illinois law. 765 ILCS §1065/2 ("'Trade secret' means information, including but not limited to, . . . list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality."); Stampede Tool Warehouse v. May, 272 Ill. App. 3d 580, 651 N.E.2d 209, 209 Ill. Dec. 281 (Ill. App. 1st Dist. 1995). The Apprenticeship Fund takes reasonable steps to keep this information secure, and restricts access to employees (Turek Aff., ¶ 6).

A list of trainees, their courses of study and contact information has significant value to the Apprenticeship Fund because this information is not generally available, is accumulated over time, and is essential for the Apprenticeship Fund to ensure that students receive the training they need to advance their careers, and for them to be placed with contributing employers (Turek Aff., ¶ 5). The subpoenaed information could be used by employers to contact individuals directly for employment, thus bypassing the placement mechanism and wage and benefit requirements (Turek Aff., ¶ 5). Also, schools and other training programs could identify the more popular courses and tailor their class offerings accordingly, or contact apprentices as potential new students (Turek Aff., ¶ 5).

**C.    Based on the privacy interest of individuals, and the business interest of the Apprenticeship Fund, the information subpoenaed should not be ordered produced unless subject to a protective order.**

The Apprenticeship Fund has at all times offered to make the subpoenaed information available for inspection by the Department, and has offered to provide copies of the information if the Department agrees that the information is confidential, and that the information would not be disclosed pursuant to the Freedom of Information Act without the Apprenticeship Fund having an opportunity to object and take any appropriate legal action to prevent its disclosure. The Department refused to give the Apprenticeship Fund that assurance, and refused to inspect the documents. To be clear, the Apprenticeship Fund is willing to provide the subpoenaed information to the Department, but seeks only reasonable assurance from the Department that it will maintain the confidentiality of this information.

While the Department's authority to administratively subpoena documents is broad, it is not unlimited. Chao v. Local 743, I.B. of T., 467 F.3d 1014, (7th Cir. 2006). It is well established that courts have the authority to modify administrative subpoenas, and to attach reasonable conditions thereto before requiring a responding party to produce subpoenaed documents. United States v. Exxon Corp., 628 F.2d 70, 77 (D.C. Cir. 1980) ("a court is free to change the terms of an agency subpoena as it sees fit."). Accordingly, Courts will impose protective orders under appropriate circumstances. Id.

In this case, the Apprenticeship Fund merely seeks assurance that the Department will abide by its own regulations and the Freedom of Information Act. 5 U.S.C. §552(b)(4) & (6) ("This section does not apply to matters that are. . . (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential. . . (6) personnel and medical files

and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. . . ."). Under 29 CFR §70.26, "Confidential business information will be disclosed under the FOIA only in accordance with this section." If a submitter of information in good faith designates documents as confidential and subject to exception number four under FOIA, 5 U.S.C. §552(b)(4), the Department must follow the procedures set forth in its regulations. Moreover, individuals' contact information is exempt under FOIA, 5 U.S.C. §552(b)(6). People for Am. Way, 503 F Supp 2d at 304 ("Federal courts have previously recognized a privacy interest in a person's name and address."). Notwithstanding the regulations and statute, the Department is unwilling to give the Apprenticeship Fund basic assurances that confidential information will be treated accordingly (Petition to Enforce, Attachment 3).

In light of the above, there are several options to satisfactorily maintain the confidentiality of the subpoenaed information. The first option is for the Court to deny the Department's motion if the Department is unwilling to abide by FOIA and its own regulations regarding confidential information that it has subpoenaed from the Apprenticeship Fund.

If the motion is granted, the Court could enter a protective order in one of several ways to protect the confidentiality of the subpoenaed information. One option is an order acknowledging that the Apprenticeship Fund, in good faith, considers the documents sought by the Department to be confidential, and will be marked accordingly, and that the Department, in turn, be ordered to accept the documents so marked, and comply fully with its obligations under 5 U.S.C. §552 and 29 CFR §70.26. A court order clearly establishing that the information subpoenaed is, and will be treated by the Department as confidential is invaluable to the Apprenticeship Fund, and would not impede the Department's investigation.

Another option is an order requiring the Department to return any and all copies of the subpoenaed documents to the Apprenticeship Fund upon completion of the Department's investigation, so that the documents would no longer be in the Department's possession and subject to a FOIA request. During the course of the investigation, the documents would be exempt from disclosure under exemption seven of FOIA, regarding records compiled for law enforcement purposes. 5 U.S.C. §552(b)(7). Again, the confidentiality interests of the Apprenticeship Fund would be preserved, and the Department's investigation would not be impeded, as it would have full use of the subpoenaed information during the course of its investigation.

## Conclusion

For the foregoing reasons, Respondent, Operating Engineers Local 150 Apprenticeship Fund, respectfully requests that the Department's motion to enforce the subpoena be denied for its failure to provide reasonable assurance that it will comply with its own regulations. If the Court grants the Department's motion to enforce, Respondent respectfully requests that the Court enter a protective order either confirming that the subpoenaed information is confidential, and directing the Department to comply with its regulations regarding such confidential information, or requiring the Department to return all copies of the subpoenaed information to Respondent after its investigation is completed.

                                      Respectfully submitted,


                                      s/Patrick N. Ryan


Attorneys for Operating Engineers Local 150 Apprenticeship Fund:

Stephen J. Rosenblat
Patrick N. Ryan
Baum Sigman Auerbach & Neuman, Ltd.
200 W. Adams Street, Suite 2200
Chicago, IL   60606
Phone:  (312) 236-4316
Facsimile:  (312) 236-0241
E-mail:  srosenblat@baumsigman.com
E-mail:  pryan@baumsigman.com

CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that on Wednesday the 9th day of July 2008, he electronically filed, **Response to Petitioner's Motion to Enforce Subpoena by Respondent Operating Engineers Local 150 Apprenticeship Fund**, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Craig A. Oswald
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, IL   60604
>
> William Cook, Esq.
> Wildman Harrold Allen & Dixon
> 225 W. Wacker Drive, Suite 3000
> Chicago, IL   60606

                                                          s/Patrick N. Ryan

Attorneys for Operating Engineers Local 150 Apprenticeship Fund:

Stephen J. Rosenblat
Patrick N. Ryan
Baum Sigman Auerbach & Neuman, Ltd.
200 W. Adams Street, Suite 2200
Chicago, IL   60606
Phone:  (312) 236-4316
Facsimile:  (312) 236-0241
E-mail:  srosenblat@baumsigman.com
E-mail:  pryan@baumsigman.com
I:\MOEA\Election Protest - Info. Req\response to motion to enforce subpoena2.pnr.mgp.wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. 08 C 3075 |
| | ) | |
| v. | ) | JUDGE GETTLEMAN |
| | ) | |
| OPERATING ENGINEERS LOCAL 150 | ) | MAGISTRATE JUDGE COX |
| APPRENTICESHIP FUND, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## AFFIDAVIT

STATE OF ILLINOIS    )
                     ) SS.
COUNTY OF COOK       )

MARTIN D. TUREK, being first duly sworn upon his oath, deposes and states:

1. I am currently employed by the Operating Engineers Local 150 Apprenticeship Fund ("Apprenticeship Program") as an Assistant Coordinator for the Apprenticeship Program. I have personal knowledge of the facts stated herein, and if called as a witness, I am competent to testify in respect thereto.

2. As Assistant Training Coordinator, I am responsible for assisting with the day-to-day operation of the Apprenticeship Program, and have under my control and supervision all books and records of the Apprenticeship Program, and I have personal knowledge of the policies and procedures of the Apprenticeship Program.

3. The Apprenticeship Program provides training to apprentices and skilled journeymen in the operation and maintenance of heavy equipment used in the construction industry. While this training benefits the individuals receiving the training, it also benefits the employers who

fund the Apprenticeship Program by improving the skills of their employees. Apprentices become employed by a contributing employer to learn the trade, and the employer pays wages and benefit contributions as specified in the applicable collective bargaining agreement.

    4.    The Apprenticeship Program maintains records on each individual to whom it provides training, including contact information, and the training provided. Some of this information is provided by the individuals (i.e., contact information), while other information is generated in-house (i.e., the courses taken by the individuals). The primary purpose of gathering this information is to track the training and skills of the individuals accessing the Apprenticeship Program's services.

    5.    Because this information allows us to identify the skills of an individual, access to this information is restricted to employees of the Apprenticeship Program to prevent improper use by outside entities. For instance, employers with access to this information could identify an individual with the skills it requires and contact the individual directly, by-passing the collective bargaining agreement. Also, schools and other training programs could identify the more popular courses and tailor their classes accordingly, or contact apprentices as potential new students.

    6.    The information gathered by the Apprenticeship Program is not generally available to individuals and entities outside of the Apprenticeship Program, and is accumulated over time as individuals proceed through the training programs. The Apprenticeship Program exercises reasonable care to secure and restrict access to this information. The computers that house this information are in secured areas of the Apprenticeship Program's offices, and access to the computer system is password protected. Neither the Union nor contributing employers, which sponsor the Apprenticeship Program, have access to the Apprenticeship Program's computers.

7. All Apprenticeship Program employees, including me, have signed confidentiality agreements, through which we agree, among other promises, to keep information regarding individual apprentices and trainees strictly confidential.

FURTHER AFFIANT SAYETH NOT.

_____
MARTIN D. TUREK

SUBSCRIBED AND SWORN TO
before me this \_\_\_\_ day of July 2008.

_____
NOTARY PUBLIC

I:\MOEA\Election Protest - Info. Req\turek affidavit.pnr.mgp.wpd