UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor United States Department of Labor, | ) ) ) | |
| Petitioner, | ) ) | No.   08 C 3075 |
| v. | ) ) ) | Judge Cox |
| OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND, and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 150, | ) ) ) ) ) ) | |
| Respondents. | ) | |

**SECRETARY OF LABOR'S REPLY BRIEF
IN SUPPORT OF MOTION TO ENFORCE SUBPOENAS**

The Secretary of Labor ("the Secretaryt") is in the process of investigating the August 2007 election of Operating Engineers Local 150 ("Local 150"). As part of this investigation, the Secretary has subpoenaed the election records of Local 150 and other records from Local 150's Apprenticeship Fund ("Apprenticeship Fund'). After both entities failed to comply with its subpoenas, the Secreatry filed this lawsuit seeking to enforce the subpoenas. Judge Gettleman has previously issued a rule to show cause and the Secretary has previously filed a brief in support of its motion.

In response, Local 150 and the Apprenticeship Fund claim that the subpoenas are overreaching, unreasonably seek highly confidential and sensitive personal information which the Secretary cannot or will not protect from disclosure, unnecessary disrupts and potentially compromises the union's business interests, and places its members at "real risk of identity threat and other crimes." Local 150 Response at 2.  Because the subpoenas are within the scope of the

Secreatry's legal authority and the reasons offered by the respondents do not excuse them from compliance, the subpoenas should be enforced.

## Argument

**I.    The Subpoenas Issued Were Within the Secretary's Broad Investigative Authority**

As the Secretary pointed out in her original brief in support of its motion to enforce these subpoenas, the Department of Labor has broad legal authority to investigate possible violations of the Labor Management and Disclosure Act ("LMRDA"). Section 601 of the LMRDA provides the Secretary with authority to investigate suspected and potential violations of the Act. 29 U.S.C. § 521. Section 601(a) states in full:

> The Secretary shall have power when he believes it necessary in order to determine whether *any person has violated or is about to violate any provision* of this Act (except title I or amendments made by this Act to other statutes) to make an investigation and in connection therewith he may enter such places and inspect such records and accounts and question such persons as he may deem necessary to enable him to determine the facts relative thereto. The Secretary may report to interested persons or officials concerning the facts required to be shown in any report required by this Act and concerning the reasons for failure or refusal to file such a report or any other matter which he deems to be appropriate as a result of such an investigation.

29 U.S.C. § 521(a)(*emphasis added*).

The investigative subpoena power of the Department of Labor is equal to the subpoena power of a federal grand jury. *Dole v. Trinity Industries, Inc.,* 904 F.2d 867, 872 (3d Cir. 1990), *cert. den.*, 498 U.S. 998 (1990), *citing Morton Salt Co.,* 338 U.S. 632, 643 (1950). (The Department's subpoena power "is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.").

The courts have routinely construed section 601 quite broadly. *See Local 57, Int'l Union of Operating Engineers v. Wirtz,* 346 F.2d 552 (1st Cir. 1965) (the Department has the authority to investigate a union election even though it has not received a complaint from a union member); *Wirtz v. Local 191, Int'l Brotherhood of Teamsters,* 321 F.2d 552 (2nd Cir. 1963) (although the Department can only file a Title IV suit after it has received a valid complaint, the Department's power to investigate under section 601 is much broader and is not limited to scope of member's complaint). The Department, for instance, is not required to demonstrate that probable cause exists to launch an investigation under section 601. *Marshall v. Stevens People and Friends for Freedom,* 669 F.2d 171, 176 (4th Cir. 1981); *United States v. Budzanoski,* 462 F.2d 443, 451 (3d Cir. 1972); *Int'l Brotherhood of Teamsters v. Wirtz,* 346 F.2d 827, 830-31 (D.C. Cir. 1965); *Goldberg v. Truck Drivers Local Union No. 299,* 293 F.2d 807, 811-12 (6th Cir. 1961); *see also McLaughlin v. Service Employees Union, Local 280, AFL-CIO,* 880 F.2d 170, 174 ("the Secretary may issue a subpoena for the production of any documentary evidence relating to an investigation under Section 521(a))."

Under section 402(b) of the LMRDA, the Secretary has the duty to investigate election complaints made by union members and make a determination as to whether litigation is appropriate. 29 U.S.C. § 982(b). Under § 601 of the LMRDA, the Secretary has the authority to make a report to "interested persons or officials" concerning the facts of her investigation and the reasons for failure or refusal to file such a report or any other matter which she deems to "be appropriate as the result of such an investigation." 29 U.S.C. § 521.

One of the stated Congressional purposes of the LMRDA is to promote fair and democratic practices in unions. In the late 1950's, Congress investigated the nation's labor unions and found "instances of breach of trust, corruption, . . . and other failures to observe high standards of

responsibility and ethical conduct . . . ." 29 U.S.C. § 401(b); *see Wirtz v. Hotel, Motel and Club Employees Union, Local 6,* 391 U.S. 492, 497-498 (1968); *Wirtz v. Local 153, Glass Bottle Blowers Ass'n*, 389 U.S. 463, 468-470 (1968). Through the LMRDA, Congress sought to "protect the rights of rank-and-file members to participate fully in the operations of their union through the process of democratic self-government . . . ." *Hotel, Motel and Club Employees Union, Local 6*, 391 U.S. at 497.

The goal of the Title IV of the LMRDA is to insure free, fair, and democratic elections for union officers. *Local 153, Glass Bottle Blowers,* 389 U.S. at 469. Among its provisions is the requirement that "every member shall have the right to vote . . . without being subject to penalty, discipline, or improper interference or reprisal . . . ." 29 U.S.C. § 481(e). That section also states that every member in good standing shall be eligible to be a candidate, and shall have the right to support the candidate of his or her choice. 29 U.S.C. § 481(e). Title IV also requires that the union employ adequate safeguards to insure a fair election, 29 U.S.C. § 481(c), and prohibits employers and unions from spending money to promote the candidacy of an individual in a union election, 29 U.S.C. § 481(g). Title IV does not provide a private right of action. Only the Department of Labor may seek to overturn an election, and only after receiving a complaint from a union member who has exhausted the union's internal protest procedures or has invoked those procedures without receiving a final determination within three calendar months. 29 U.S.C. § 482.

## II.    The Investigative Subpoenas Issued Meet the *Morton Salt* Test

Section 601 gives the Department broad investigative authority. An agency's administrative subpoena meets the requirements for enforcement if the inquiry is (1) within the authority of the agency; (2) the demand is not too indefinite, and (3) the information sought is reasonably relevant.

*United States v. Morton Salt Co.,* 338 U.S. 632, 653 (1950); *Oklahoma Press Publishing, Co. v. Walling,* 327 U.S. 186, 208 (1946).

Local 150, however, takes a swipe at the Secretary's reliance on the "half-century old test" articulated by the U.S. Supreme Court in *Morton Salt*, by arguing that *Morton Salt* was limited by the Seventh Circuit in *Dow Chemical Co. v. Allen*, 672 F.2d 1262 (7th Cir. 1982). Local 150 Br. At 9. In *Dow Chemical*, the Seventh Circuit stated that the disclosure of subpoenaed information may be restricted where compliance would force an unreasonable burden on the party from whom production is sought and that the determination of whether a particular burden is excessive must be made with reference to the particular facts of the individual case. *Id.* at 1269. Based upon *Dow Chemical*, Local 150 argues that the subpoena should not be enforced because "requiring Local 150 to disclose sensitive member information, including unlisted telephone numbers and Social Security numbers, will seriously impair and unduly disrupt the normal operations of the Union and will expose its members to a significantly increased risk of identity theft." Local 150 Br. At 10-11.

Local 150's reliance on *Dow Chemical*, however, is misplaced. First, *Dow Chemical* involved an adjudicative subpoena, rather than an investigatory subpoena, and the court specifically stated that the bounds of relevance are broader in the investigatory context. 672 F.2d at 1268. As the court stated in *Dow Chemical*, "Even if both instances are governed by the *Morton Salt* criterion of reasonable relevance, "(t)here is, of course, a difference in that the relevance of an investigatory subpoena is measured against the "general purposes of (the agency's) investigation,"...while relevancy of an adjudicative subpoena is measured against the charges specified in the complaint." *Dow Chemical,* 672 F.2d at 1268, citing *FTC v. Anderson*, 631 F.2d 741, 746 (D.C. Cir. 1979).

Local 150 is not in the same position as a third-party university researcher who has been served with an adjudicative subpoena at the request of a chemical company. Local 150 is an entity formed under the federal labor laws who is the subject of an election investigation by the Department of Labor who has the responsibility of making sure that union elections are being run fairly and honestly. The information which has been subpoenaed is needed to verify that the only individuals who voted in the election were those eligible to vote. Since the information requested is reasonably relevant under the *Morton Salt* test, the subpoenas should be enforced.

### III.　The Nature of the Information Requested Does not Give the Respondents a Basis for Refusing to Comply With the Subpoena.

Neither of the respondents can cite a single case which gives the union the right to ignore a subpoena because complying might disclose personal or sensitive information of the members of a labor union. Subjects of investigation would be thrilled with an exemption from compliance if the disclosure the information requested would disclose personal or sensitive information.

That being said, the Department of Labor is bound by federal statutes governing its compliance with requests under the Freedom of Information Act ("FOIA") and disclosure of information under the Privacy Act. The Secretary, or other federal officials for that matter, cannot agree to exempt something from disclosure under the Freedom of Information Act because doing so would gut the purpose of the Act. The Secretary is also not in the business of complying with hypothetical FOIA requests and delegating its authority to respond to such requests to the subjects of its investigations.

FOIA, itself, however does provide for an exemption which should provide reassurance to both of the respondents. Exemption 7 of the FOIA, protects from disclosure investigative materials

(5 U.S.C. § 552(b)(7)) and exemption 4 protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C § 552(b)(4). This exemption affords the respondents with all the protection that they need by exempting from disclosure material that would place them at a competitive disadvantage that could result from disclosure. *See* Attorney General's Memorandum for Heads of All Federal Departments and Agencies Regarding the Freedom of Information Act (October 12, 2001), *reprinted in FOIA Post* (posted October 15, 2001) (recognizing fundamental societal value of "protecting sensitive business information"). http://www.justice.gov/oip/foiapost/2001foiapost19.htm. The government's assertion of this exemption has been upheld in a case involving a request for employee authorization cards submitted by a labor union. *Am Airlines, Inc. V. Nat'l Mediation Bd.*, 588 F.2d 863, 870 (2d Cir. 1978).

      The respondents can feel free to comply with the subpoena by assuring that applicable records are identified as confidential and the respondents can request that the records not be disclosed pursuant to exemption 4 of the FOIA. But identifying material as confidential is a separate issue from attempting to create a private right of action against the Secretary of Labor by conditioning compliance with the subpoena upon the entry of a protective order similar to the proposed by Local 150. The Secretary cannot and should not be expected to guarantee that all of the information that she receives in compliance with the subpoena will never be disclosed in any context. The information could be used in a civil or criminal enforcement action or turned over to another law enforcement agency. While these exemptions permit the Secretary to protect confidential information from disclosure, that exemption is for the Secretary to assert and not for the union to assert as its basis for refusing to comply with a valid subpoena.

An order instructing the Secretary to follow the law to which the Department of Labor is already responsible for following is neither necessary or appropriate

**Conclusion**

Accordingly, the Secretary respectfully requests that the subpoenas be enforced.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


By: s/Craig A. Oswald
　　CRAIG A. OSWALD
　　Assistant United States Attorney
　　219 South Dearborn Street
　　Chicago, Illinois  60604
　　(312) 886-9080
　　Craig.Oswald@usdoj.gov

Case 1:08-cv-03075    Document 21    Filed 07/16/2008    Page 9 of 9