UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of the United States Department of Labor, | ) ) ) |
| Petitioner, | ) ) JUDGE GETTLEMAN ) |
| v. | ) MAGISTRATE JUDGE ) SUSAN COX |
| OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND, | ) ) NO. 08 C 3075 |
| Respondent. | ) ) ) |
| ELAINE L. CHAO, Secretary of the United States Department of Labor, | ) ) ) |
| Petitioner, | ) NO. 08 C 3091 ) |
| v. | ) ) |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, | ) ) ) |
| Respondent. | ) ) ) |

**LOCAL 150'S SUR-REPLY TO THE DEPARTMENT OF LABOR'S
PETITION TO ENFORCE *SUBPOENA DUCES TECUM***

Respondent, International Union of Operating Engineers, Local 150, AFL-CIO ("Local 150" or the "Union"), through its attorneys, for its sur-reply to the Department of Labor's ("DOL") reply titled Secretary of Labor's Reply Brief In Support of Motion To Enforce Subpoenas ("Reply") filed on July 16, 2008, states as follows.

**INTRODUCTION**

In its Reply, the DOL conflates three distinct issues: (1) the ***scope of the DOL's powers*** to investigate; (2) the ***relevance*** of the information sought by the DOL's subpoena to the Union; and (3) the very real ***burden*** to the Union if it were forced to produce the sensitive, confidential

information sought. The first issue is a red herring, because it is not even in dispute here—the Union has never contested the DOL's powers to initiate and conduct investigations, or its powers to issue subpoenas to the subjects of investigations. The truth is that the DOL's belabored trumpeting of its "broad investigative powers" is no more than an attempt to cloud the issues and prevent this Court from addressing the real points of contention here: relevance and burden.

The DOL concedes that the second issue—relevance—is a requirement for any information it seeks, citing the Supreme Court's *Morton Salt* opinion (which holds that administrative subpoenas must seek relevant documents to be enforceable) more than once. (Reply at 2, 5.) But the DOL offers no real explanation as to why the information at issue *here* is relevant. Notably, the DOL makes NO attempt at all to explain the relevance of the information sought until Page 6 of its seven-and-a-quarter-page Reply, and even then, it offers only an unsupported assertion that the information is "needed to verify that the only individuals who voted in the election were those eligible to vote." (Reply at 6.) The DOL provides no explanation as to why the information already voluntarily disclosed by the Union (*i.e.*, names *and* addresses) is insufficient; nor does the DOL provide any justification for its quest for additional, more sensitive information. As such, the Union will stand on its previous arguments addressing relevance, as outlined in its Response to the DOL's Petition to Enforce, filed on July 9, 2008. (See Docket Entry No. 19).

The third and final issue—the burden to the Union of producing the requested information—is the subject of this Sur-Reply. The Union is sensitive to this Court's time and thus has tried to keep its arguments herein to a minimum. Nevertheless, as the DOL has raised new arguments related to the burdensomeness of its subpoena for the first time in its Reply, the Union is compelled to address them here to avoid serious prejudice.

# ARGUMENT

The chief burdensomeness argument raised by the Union in opposition to the DOL's subpoena is that it seeks private, confidential and sensitive information of the Union's members (*i.e.*, unlisted telephone numbers and member identification numbers, which are in many cases member Social Security numbers) that will not significantly assist the DOL in its investigation but *will* significantly impose on the Union's business and purpose and will significantly expose its members to identity theft.

In the Reply, the DOL acknowledges that it is "bound" by the Freedom of Information Act ("FOIA"), which could require it to disclose the highly sensitive information that it is seeking (Reply at 6), but argues—for the first time since issuing the subpoena—that the Union can "feel free to comply with the subpoena" because exemptions available under FOIA are sufficient to protect the requested information. (Reply at 7.) The DOL suggests that the Union should assure that any responsive records are "identified as confidential" and then it "can request that the records not be disclosed pursuant to exemption 4 of the FOIA." (Reply at 7.)

Pardon the Union for not feeling these exemptions provide "reassurance," especially in light of what the DOL says next:

> The Secretary cannot and should not be expected to guarantee that all of the information that she receives in compliance with the subpoena will never be disclosed in any context. The information could be used in a civil or criminal enforcement action or turned over to another law enforcement agency.

(Reply at 7.)

In short, the DOL is talking out of both sides of its mouth: first telling the Union and this Court that the members' Social Security numbers are "protected" from public disclosure by an exemption to FOIA; and next refusing to indicate that the information sought will not be subject to public disclosure, and in fact conceding that such information could be used at any time for

any number of reasons. In addition, as well known by the DOL, the opportunity to take advantage of the exceptions available under FOIA is not always practical. During telephone conferences between counsel, Mr. Oswald agreed that it would be impractical and impossible for the DOL to be expected to notify the Union every time a FOIA request was issued regarding this highly sensitive information.

This Court must weigh the probative value of the information sought by the subpoena against the burden resulting from the enforcement of the subpoena. *Dow Chemical*, 672 F.2d at 1269; *United States v. Lehman*, 887 F.2d 1328, 1335 (7th Cir. 1989). This balancing test includes an analysis of the "reasons or needs underlying the request" and its probative value against the burden of compliance. *Dow Chemical,* 672 F.2d at 1269-70. Even if the exemptions under FOIA would provide some (although very limited) protection for the highly sensitive information, the burden of compliance with the subpoena outweighs the probative value and, therefore, it should be quashed.

The DOL argues that the *Dow Chemical* case does not apply here because *Dow Chemical* involved an adjudicative subpoena, rather than an investigatory subpoena, and the subpoena at issue here is an investigatory subpoena. (Reply at 5.) Although the Seventh Circuit in *Dow Chemical* did reference the difference between the **relevancy** standard for adjudicative and investigatory subpoenas, contrary to the DOL's argument, the issue of **burden** is a separate and unrelated one, and the burden analysis advocated by the Seventh Circuit in *Dow Chemical* is not different for adjudicative versus investigatory subpoenas. *See Dow Chemical*, 672 F.2d at 1270, n.12 ("It is important to distinguish the question of reasonable burden from the question of reasonable relevance"). Moreover, the Seventh Circuit applied a similar balancing test in its later opinion in *EEOC v. United Air Lines, Inc*., which did involve an investigatory subpoena. 287

F.3d 643, 654 (7th Cir. 2002) (considering the "cost of compliance when evaluating burdensomeness").

Therefore, the balancing test under *Dow Chemical* is applicable here. Applying that test, it is clear that the heavy burden that would be imposed on Local 150 itself and its members if the subpoena is enforced is not outweighed by the probative value of the information the DOL seeks, especially when the DOL already has details (*i.e*., member name and contact information) sufficient to determine whether "the only individuals who voted in the election were those eligible to vote." Requiring Local 150 to unnecessarily disclose more sensitive member information, including unlisted telephone numbers and Social Security numbers, will seriously impair and unduly disrupt the normal operations of the Union and will expose its members—individuals who are not themselves subject of the investigation—to a significantly increased risk of identity theft.

## **CONCLUSION**

For all of the foregoing reasons, the Union respectfully asks this Court to deny the Department of Labor's petition and quash the *subpoena duces tecum*. In the alternative, this Court should issue a protective order requiring the Department of Labor to guard the confidentiality of the information sought and further precluding the Department of Labor from disclosing the Union's Membership List and other sensitive member information pursuant to a FOIA request or otherwise.

          Respectfully submitted,

          INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO


          By: /s/ William J. Cook
                  One of their Attorneys


William J. Cook (#0509639)
John J. Arado (#63266)
Katherine K. Ivers (#6284902)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive
Chicago, Illinois 60606-1229
(312) 201-2000
(312) 201-2555 (facsimile)

Dale D. Pierson (#6183882)
Elizabeth Ann LaRose (#6226722)
International Union of Operating Engineers
6140 Joliet Road
Countryside, Illinois 60525
(708) 579-6663

## **CERTIFICATE OF SERVICE**

I, Katherine K. Ivers, an attorney, hereby certify that I caused a copy of the foregoing LOCAL 150'S SUR-REPLY TO THE DEPARTMENT OF LABOR'S PETITION TO ENFORCE SUBPOENA DUCES TECUM to be served via the CM/ECF electronic filing system on this 22nd day of July, 2008, and thereby served upon counsel of record.

By: /s/ Katherine K. Ivers